```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


UNITED STATES OF AMERICA,      )
                               )
Plaintiff,                     )
                               )
vs.                            )    NO. 2:04-CR-96
                               )
DAVID DEMARET CHUBE II, M.D.,  )
and CHARLES RANDALL CHUBE,     )
M.D.,                          )
                               )
Defendants.                    )
```

## OPINION AND ORDER

This matter is before the Court on the Motion to Delay Reporting Date, filed by Defendant, Charles Randall Chube, at 10:20 p.m. on October 24, 2006. For the reasons set forth below, this motion is **DENIED**.

BACKGROUND

On May 1, 2006, Defendant, Dr. Charles Randall Chube, was convicted by a jury of distributing Vicodin, a Schedule II controlled substance, and Xanax, a Schedule IV controlled substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. section 841(a)(1). After being found guilty, the Court allowed Defendant to remain on bond pending

his sentencing, pursuant to 18 U.S.C. section 3143(a).[1]  On September 28, 2006, Defendant was sentenced to a 5-year term of imprisonment and was ordered to report into custody by 12-noon on October 26, 2006.[2]

Defendant filed a notice of appeal on October 3, 2006.  Then on October 23, nearly three weeks after filing his notice of appeal and three days before scheduled to report into custody, Defendant filed a motion for release pending appeal.  In that motion, Defendant argues that he is entitled to be released from custody pending appeal pursuant to Title 18 U.S.C. section 3143(b)(1).[3]  This is not a simple inquiry; Defendant's motion requesting release pending appeal contains citations to no less than 68 different pieces of legal authority and encompasses 25 pages of argument.  Accordingly, the Court took that motion under advisement and allowed the Government an opportunity to respond.

As Defendant's motion requesting release pending appeal remains under advisement on the eve of Defendant's scheduled reporting into custody, Defendant has filed the instant motion requesting the Court delay his reporting into custody until the Court rules on his motion

---

[1] The parties stipulated to Defendant's release pending sentencing.  See DE# 141.

[2] Reluctantly, the Government acquiesced to Defendant's remaining on bond for a short period of time after sentencing.

[3] This motion was filed jointly by Defendant and his co-Defendant, Dr. David Demaret Chube, II.  On the date this motion was filed, Defendant was not incarcerated, but his co-Defendant was.

requesting release pending appeal. Notably, the instant motion contains no new law or legal argument; instead, he relies upon his previously-filed motion and arguments raised therein. Simply, Defendant believes that he is entitled to be released pending the outcome of his appeal and, as such, should not have to report into custody tomorrow to await the Court's ruling on his motion requesting release pending the outcome of his appeal.

DISCUSSION

The determination of the instant motion invokes the same legal analysis as Defendant's motion requesting release pending appeal; that is, should Defendant be detained pending his appeal pursuant to section 3143(b). Section 3143(b) does not leave room for much judicial discretion. Under this section, the court "*shall* order a person that has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless" the Court finds: (1) that the defendant is not likely to flee if released; (2) that the defendant does not pose a danger to the safety of any other person or the community if released; and (3) that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of incarceration less than the time he would spend in prison while his appeal is decided. 18 U.S.C. § 3143(b)(1) (emphasis added). The

first two inquiries- likelihood of flight and danger to the community- are not in question as the Court previously found Defendant not to be a flight risk or a danger to the community during the September 28, 2006, hearing.

Focusing on the third element, then, there is a 2-part inquiry that must be undertaken.  First, Defendant must show that the appeal presents a "substantial issue."  An issue is substantial if it presents a "close question or one that very well could be decided the other way."  *United States v. Shoffner*, 791 F.2d 586, 588 (7th Cir. 1986).  If the appeal presents a substantial issue, Defendant must then go on to demonstrate that the substantial issue will likely affect the validity of the conviction.  *Id*.  Simply, Defendant must do more than show that an error occurred at trial, he must persuade this Court that "the appellate court is more likely than not to reverse the conviction or order a new trial on all counts for which imprisonment has been imposed." *United States v. Bilzanich*, 771 F.2d 292, 298 (7th Cir. 1985).

To merit Defendant's continued release, pursuant to section 3143(b), the Court must actually find that Defendant raises a substantial issue that will affect the validity of the conviction.  It should come as no surprise that the Court has not had sufficient time to adequately and thoroughly review all of the legal arguments contained in Defendant's motion requesting release pending appeal. Thus, the Court is not in a position to make a final finding as to

that motion at this time.  This fault is the product of Defendant's decision to file his motion at the eleventh hour.  As such, the Court's inability to fully address Defendant's arguments regarding release pending appeal will not compel the Court to grant the instant motion.  This should come as no surprise, however, as such a situation more appropriately leads to the denial of the instant motion without further discussion.  *See* Title 18 U.S.C. section 3143(b)(1)(explaining that release pending appeal of a person who has been found guilty of an offense and sentenced to a term of imprisonment is inappropriate **unless the judicial officer finds** that the appeal raises a substantial question of law or fact)(emphasis added).

Nevertheless, in the interests of justice, the Court has undertaken a preliminary examination of Defendant's arguments to rule on the instant motion.  If the Court preliminarily finds the arguments presented in Defendant's motion requesting release on appeal are likely to be meritorious, then the instant motion should be granted.  Conversely, if the preliminary finding shows that Defendant's motion is likely without merit, then the instant motion should be denied.

Defendant sets forth that there are two substantial questions of law that merit his release pending appeal.  First, Defendant argues, "[t]he government conflated the civil standard of care with the criminal conviction standard."  Second, Defendant complains that Dr. Parran's opinions as to whether the prescriptions were issued for "a legitimate medical purpose" were improper.   These are not novel

questions, both of which were raised pre-trial and at trial.  Upon this Court's preliminary review of these issues, in the current context, neither of them seems to be substantial, as that term is defined in a section 3143(b) analysis.  In fact, at this time, the Court is inclined to believe that neither issue is likely to result in any material benefit to Defendant on appeal.  Consequently, the Court cannot find that Defendant's appeal raises a substantial question that will likely result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of incarceration less than the time he would spend in prison while his appeal is decided.  As a result, Defendant will have to report into custody as previously ordered.  Again, whether Defendant and his co-Defendant will remain in custody pending appeal will be determined in the near future.

CONCLUSION

    For the reasons set forth above, this motion is **DENIED**.


**DATED:  October 25, 2006**               /s/RUDY LOZANO, Judge
                                                  **United States District Court**